# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1924

_____

Aura Lopez-Lopez

*Petitioner*

v.

Todd Blanche, Acting Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 12, 2026
Filed: July 7, 2026

_____

Before LOKEN, LAVENSKI R. SMITH, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

What happens when an alien seeking cancellation of removal raises new issues in her petition for review? No administrative exhaustion generally results in no relief, so we deny it.

---

[1]We automatically substitute Todd Blanche as the respondent in place of Pamela Bondi under Federal Rule of Appellate Procedure 43(c)(2).

I.

Aura Lopez-Lopez illegally came to the United States from Guatemala in 2006. Ten years later, a Nebraska court convicted her of negligently abusing her teenage stepdaughter and sentenced her to one year of probation. *See* Neb. Rev. Stat. § 28-707(3) (defining negligent child abuse).

Next came removal proceedings. *See* 8 U.S.C. § 1182(a)(6)(A)(i) (declaring that an "alien present in the United States without being admitted or paroled . . . is inadmissible"); *id.* § 1229a(a)(2) (authorizing removal proceedings against an alien "charged with any applicable ground of inadmissibility under section 1182(a)"). After conceding removability, she focused on trying to avoid deportation by applying for various forms of relief. The relevant one here was cancellation of removal. *See id.* § 1229b(b)(1) (allowing the Attorney General to "cancel removal" and adjust an alien's status to "lawfully admitted for permanent residence").

The immigration judge concluded she was ineligible for it. Her Nebraska conviction, which met the generic federal definition of a "crime of child abuse," *id.* § 1227(a)(2)(E)(i), ruled out the possibility that "[t]he Attorney General [might] cancel removal," *id.* § 1229b(b)(1). *See Al-Masaudi v. Garland*, 44 F.4th 1079, 1083 (8th Cir. 2022) (holding that a conviction under Neb. Rev. Stat. § 28-707 is "a categorical match"). Lopez-Lopez insisted it was not a fit, but the Board of Immigration Appeals rejected her argument and dismissed the appeal. *See Burka v. Sessions*, 900 F.3d 575, 576 (8th Cir. 2018) ("We review the BIA's decision as the relevant final agency action, but because the BIA adopted the findings [and] reasoning of the [immigration judge], we also review the [immigration judge's] decision." (alterations in original) (citation omitted)).

## II.

Now she wants us to consider arguments she never raised before. The question for us is whether we can. And even if we can, whether we will. The answer depends on whether she administratively exhausted them. *See Marambo v. Barr*, 932 F.3d 650, 654–55 (8th Cir. 2019).

The source of our administrative-exhaustion requirement is subject to some debate. One possibility is that it follows from the statutory restriction on "review[ing] . . . final order[s] of removal" unless "the alien has exhausted all administrative remedies available to [her] as of right." 8 U.S.C. § 1252(d)(1). The problem with this justification is that an alien can exhaust all *remedies*, like bringing a request for cancellation of removal, without exhausting all possible *reasons* for granting relief. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413, 430 n.10 (2023) (distinguishing between "forms of administrative review" and "specific issues"). The other possibility is that it is "court imposed," perhaps out of recognition that we should avoid arguments that the agency itself never had a chance to consider, particularly when it comes to decisions like cancellation of removal that lie within the executive branch's discretion. *See Zine v. Mukasey*, 517 F.3d 535, 539–40 (8th Cir. 2008) (discussing the uncertainty). Though the origins of the doctrine may be unclear, its contours are not: we may not address unraised *issues* when the proceedings before the immigration judge and the Board were "adversarial in nature and the petitioner was represented by counsel."[2] *Essel v. Garland*, 89 F.4th 686, 691 (8th Cir. 2023) (citation omitted).

---

[2]Less clear is what happens to unraised issues when immigration proceedings are non-adversarial or the petitioner lacks counsel. If issue exhaustion is a mandatory claim-processing rule, *see Santos-Zacaria*, 598 U.S. at 417, it is not our place to add exceptions, *see Ross v. Blake*, 578 U.S. 632, 639 (2016) (explaining that "mandatory language" in a statute "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account"). But if it is a court-imposed rule, then presumably there is more flexibility. *See id.* (explaining that "judge-made exhaustion doctrines . . . remain amenable to judge-made exceptions").

The circumstances here fit squarely within them. With the government seeking deportation and Lopez-Lopez arguing for cancellation, her immigration proceedings were adversarial. And, despite having counsel, she never mentioned the two issues she would like us to decide today: whether the agency relied on the wrong statute to declare her ineligible and overlooked the petty-offense exception. *Compare* 8 U.S.C. § 1227(a)(2)(E)(i) (listing a "crime of child abuse"), *with id.* § 1182(a)(2) (not mentioning it); *see id.* § 1182(a)(2)(A)(ii)(II) (describing the petty-offense exception). Instead, the focus was on the fit between her child-abuse conviction and the generic federal definition, an argument she has since given up. *See Al-Masaudi*, 44 F.4th at 1082–83.

Even when it comes to administrative proceedings, we are "a court of review, . . . not first view." *United States v. Nunez-Hernandez*, 43 F.4th 857, 859 (8th Cir. 2022) (ellipsis in original) (quoting *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 201 (2012)). Without having raised these issues before, Lopez-Lopez has left us nothing to decide. *See Essel*, 89 F.4th at 691 (declining to "review issues on which the Board did not rule").

## III.

We accordingly deny the petition for review.

_____